# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD WAYNE DAVIS, JR., | : |
| Plaintiff, | : |
| v. | : C.A. No. 16-625-LPS-MPT |
| NANCY A. BERRYHILL,[1] <br> Acting Commissioner of Social Security, | : |
| Defendant. | : |

## **MEMORANDUM ORDER**

WHEREAS, Chief Magistrate Judge Thynge issued a 29-page Report and Recommendation (the "Report") (D.I. 18), dated June 30, 2017, recommending that the Court (i) deny Plaintiff Richard Wayne Davis, Jr.'s ("Plaintiff" or "Davis") motion for summary judgment (D.I. 11) and (ii) grant Defendant Nancy A. Berryhill's ("Defendant") cross-motion for summary judgment (D.I. 15);

WHEREAS, on July 17, 2017, Plaintiff objected to the Report ("Objections") (D.I. 19);

WHEREAS, on August 2, 2017, Defendant responded to Plaintiff's Objections ("Response") (D.I. 20);

WHEREAS, the Court has considered the parties' objections and responses *de novo*, *see Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3);

NOW THEREFORE, IT IS HEREBY ORDERED that:

---

[1]Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for former Commissioner Carolyn W. Colvin as defendant in this suit.

1.      Plaintiff's Objections (D.I. 19) are OVERRULED, Judge Thynge's Report (D.I. 18) is ADOPTED, Plaintiff's Motion for Summary Judgment (D.I. 11) is DENIED, and Defendant's Cross-Motion for Summary Judgment (D.I. 15) is GRANTED.

2.      Davis objects to the Report's recommendation that the Court conclude the ALJ did not err in affording little weight to the opinion of Davis' treating physician, Dr. August, while affording significant weight to the opinions of state agency psychologists. It is not for the Court to re-weigh the medical opinions in the record. *See Gonzalez v. Astrue*, 537 F. Supp. 2d 644, 659 (D. Del. 2008). Rather, the Court must determine whether substantial evidence exists to support the ALJ's weighing of those opinions. *See id.* As the Report explained, the ALJ considered all relevant factors in determining how much weight to afford Dr. August's opinion and cited specific reasons for his decision, including inconsistencies between Dr. August's opinion and "detailed, contemporaneous" treatment notes from the VA and Davis' medical record as a whole. (D.I. 6 ("Tr.") at 197) The ALJ similarly explained that he afforded the state agency psychologists' opinions significant weight because they were consistent with "VA mental health outpatient clinic notes." (Tr. at 198) Therefore, the ALJ's determination to afford little weight to Dr. August's opinion and significant weight to the opinions of the state agency psychologists is supported by substantial evidence.

3.      Davis also objects to the Report's recommendation that the Court conclude the ALJ did not fail to adequately consider Plaintiff's VA disability determination. While VA disability determinations are "entitled to substantial weight," *Kane v. Heckler*, 776 F.2d 1130, 1134 (3d Cir. 1985), a disability determination made by another governmental agency is not binding on the Commissioner, 20 CFR § 404.1504. The ALJ considered the VA's disability rating and adequately explained his reasons for assigning it little weight, including that the VA's

determination is based on a different statutory scheme and do not cite the evidence upon which they are based. (Tr. at 198) Therefore, the Court agrees with the Report that the ALJ did not err in failing to adequately consider Davis' VA disability rating.

4. Finally, Davis objects to the Report's recommendation that the Court conclude the ALJ did not err in finding Davis' hearing testimony to be not entirely credible. When evaluating a claimant's credibility, the ALJ must consider the entire case record and give specific reasons for the weight afforded to the individual's statements. SSR 96-7p (S.S.A.), 1996 WL 374186, at *4. "Overturning an ALJ's credibility determination is an 'extraordinary step', as credibility determinations are entitled to a great deal of deference." *Metz v. Fed. Mine Safety and Health Review Comm'n*, 532 F. App'x 309, 312 (3d Cir. 2013). As the Report stated, the ALJ explained at length why he found Davis to be not entirely credible, citing numerous inconsistencies between the limitations Davis claimed to experience and the activities Plaintiff claimed to enjoy and do regularly, as well as the medical tests and treatment notes of Davis' doctors. Therefore, the Court agrees with the Report's recommendation that substantial evidence exists to support the ALJ's credibility assessment of Davis' testimony.

September 15, 2017
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE